UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES EDWARD JACKSON, | ) | CV F 98 5723 AWI LJO P |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING MOTION TO COMPEL (Doc. 136.) |
| TOM CAREY, et. al., | ) | |
| Defendants. | ) | |

Charles Edward Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 7, 2005, Plaintiff filed a "Notice of Motion and Motion to Compel Production of Documents," specifically Requests for Production of Documents Nos. 1, 6, and 8. Plaintiff set the matter for hearing before the undersigned on December 23, 2005, at 8:30 a.m. In an Order issued concurrent with this Order, the Court vacated the hearing finding the issue suitable for resolution without oral argument.

The Court has reviewed Plaintiff's Motion to Compel and concludes that it must be denied.

As a preliminary matter, the Motion is unaccompanied by briefing and/or evidence. The Court's discovery and scheduling order issued March 30, 2005, stated specifically that all discovery was to comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 11-110, 7-130, 7-131, 7-132, 5-134, 5-135, 6-136,

1 43-140 and 78-230(m) of the Local Rules of Practice for the United States Court.  The Order

2 further stated that Local Rule 37-251, which provides that *only* a Notice of Motion and Motion

3 concerning discovery matters need be filed, did not apply unless otherwise ordered by the Court.

4 The Court has since issued no such order.  Thus, the Motion is wholly unsupported by briefing or

5 evidence.

6      In addition, because only a Notice of Motion and Motion without support was filed,

7 Plaintiff did not provide a Rule 37(a)(2)(A) certification.  Rule 37(a)(2)(A) of the Federal Rules

8 of Civil Procedure provides that a motion to compel contain certification that the moving party

9 has, in good faith, conferred or attempted to confer with the party not making the disclosure in an

10 effort to secure the disclosure without court intervention.  The Motion before the Court, however,

11 contains no certification that Plaintiff has complied with the meet and confer requirement

12 imposed by the rules.

13      Finally, the Motion to Compel is untimely.  As noted above, the Court issued its

14 scheduling Order on March 30, 2005, setting forth the deadline for discovery of October 7, 2005.

15 On October 13, 2005, the parties stipulated to an extension of the deadline to and including

16 November 6, 2005.  The Motion to Compel was filed on November 7, 2005, after the expiration

17 of the discovery deadline agreed upon by the parties.

18      Accordingly, for the foregoing reasons, Plaintiff's Motion to Compel is DENIED.

19 IT IS SO ORDERED.

20 **Dated:   December 14, 2005**             **/s/ Lawrence J. O'Neill**
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE